116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael C. BRIDGES, Plaintiff-Appellant,
v.
Dean NEITZKE, et al., Defendants-Appellees.
 No. 96-1248.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997*
Decided May 22, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 
 
 2
 Before POSNER, C.C.J., CUMMINGS and BAUER, C.JJ.
 
 ORDER
 
 3
 Michael Bridges, an inmate in the Indiana State Prison ("ISP"), filed a pro se civil rights action under 42 U.S.C. § 1983 against several employees of the Indiana Department of Corrections (IDOC").[1] He alleges that he was subject to cruel and unusual punishment when prison authorities canceled, and refused to renew, a special diet. The district court granted summary judgment for the defendants, holding, in relevant part, that there was no showing that the defendants had been deliberately indifferent to a serious medical condition. We affirm.
 
 
 4
 On February 7, 1994, Bridges was informed that the special diet which he had been receiving would no longer be provided. On February 18, 1994, he saw Dr. Nathan Sylvester in "sick call" and requested a renewal of his diet card. Dr. Nathan advised Bridges concerning the diets provided by the ISP dietician and, apparently upset by what he was told, Bridges left the medical clinic threatening to file a grievance or take legal action. On April 4, 1994, Bridges was seen again by medical personnel with a request that his diet card be renewed. His request was denied because no medical reason was found for him to receive a special diet.
 
 
 5
 We review the district court's grant of summary judgment de novo. Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1254 (7th Cir.1997). Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." Weiler v. Household Finance Corp., 101 F.3d 519, 523 (7th Cir.1996).
 
 
 6
 To establish an Eighth Amendment claim, Bridges must demonstrate that being deprived of a special diet was "objectively, 'sufficiently serious' " Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted), and that prison officials "kn[ew] of and disregard[ed] an excessive risk to [his] health." Id. at 837. Neither negligence nor medical malpractice constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 7
 Bridges claims that he is unable to eat more than one meal per day because the remaining two meals in the ISP are prepared with seasonings that cause him chest pains and diarrhea. Consequently, he argues that he is being deprived of food in violation of the Eighth Amendment. Bridges, however, has failed to submit evidence that the denial of a special diet was in itself sufficiently serious to be considered a "denial of 'the minimal civilized measure of life's necessities,' " Farmer, 511 U.S. at 834 (citation omitted), or that any of the named defendants had a " 'sufficiently culpable state of mind,' " id. (citation omitted), in that they knowingly disregarded an excessive risk to Bridge's health.
 
 
 8
 Construed most favorably to Bridges, the record does not even suggest that Dr. Sylvester or any other medical personnel were negligent when they determined that there was no medical reason for him to receive a special diet. Consequently, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Bridges' amended complaint names the following defendants: Dean Neitzke, Director of Health Care Services for the IDOC; Michael Pavese, Policy Manager for the IDOC; Robert Farley, former Superintendent of the ISP; Charles Adkins, Assistant Superintendent of Operations at the ISP; Herbert Newkirk, Assistant Superintendent at the ISP; Frank Castella, Hospital Administrator at the ISP; Sylvester Nathan, a physician employed by the ISP; and Bruce Lemmon, Regional Director of Adult Operations for the IDOC